No. 88–321. DANIELS ET UX. *v.* COMMISSIONER OF INTERNAL REVENUE. C. A. 9th Cir. Certiorari denied. JUSTICE KENNEDY took no part in the consideration or decision of this petition.

No. 87–7094. BROWN *v.* COVINGTON & BURLING ET AL. C. A. D. C. Cir. Certiorari before judgment denied.

No. 87–7208. BROWN *v.* LURYE ET AL. C. A. D. C. Cir. Certiorari before judgment denied.

No. 87–7098. JOHNSON *v.* ALABAMA. Sup. Ct. Ala. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

I continue to adhere to my view that the death penalty is in all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments. *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting). I also continue to believe that the death penalty's cruel and unusual nature is made all the more arbitrary and freakish when it is imposed by a judge in the face of a jury determination that the appropriate penalty is life imprisonment. See *Spaziano* v. *Florida,* 468 U. S. 447, 467 (1984) (STEVENS, J., concurring in part and dissenting in part). Therefore, I would grant the petition for writ of certiorari and vacate petitioner's death sentence for the reasons I expressed in *Jones* v. *Alabama,* 470 U. S. 1062, 1063 (1985) (MARSHALL, J., dissenting).

In this case, after a full hearing, the jury determined that life imprisonment, not death, was the punishment which petitioner deserved. Nevertheless, following Alabama law which allows him wide discretion in death sentences, the trial judge overrode the jury's determination and sentenced petitioner to death. I continue to believe that "[i]t approaches the most literal sense of the word 'arbitrary' to put one to death in the face of a contrary jury determination where it is accepted that the jury had indeed responsibly carried out its task." *Jones* v. *Alabama, supra,* at 1065.